**M. Lewis HALL, Jr. et al., Plaintiffs,**

v.

**Robert L. KUNZIG, as Administrator of the General Services Administration, Defendant.**

**Civ. No. 71–560.**

United States District Court,
S. D. Florida,
Miami Division.

June 15, 1971.

Final Judgment June 30, 1971.

Corrected Final Judgment Aug. 30, 1971.

**1164**

Paul & Thomson, Miami, Fla., for plaintiffs Hall and Kniskern; Charles H. Spooner, City Atty., for City of Coral Gables.

Herbert Pittle, Atty., Department of Justice, Washington, D. C. and Robert Silverstein, Asst. U. S. Atty., Miami, Fla., for defendant.

ATKINS, District Judge.

Pursuant to the order of this Court dated April 21, 1971 the processing of this cause was put on an expedited schedule. All motions of the Defendant pursuant to Rule 12 of the Federal Rules of Civil Procedure were to have been filed in sufficient time to be brought on for hearing on May 10, 1971. The parties were directed to prepare a joint stipulation of facts upon which each party would move for summary judgment. Each party has so moved for summary judgment, argument of counsel was heard June 2, 1971 and the Court is otherwise fully advised in the premises. This memorandum opinion is issued in lieu of findings of fact and conclusions of law.

█ In its motion for summary judgment the defendant has presented several questions which more properly should have been brought before the Court through a motion to dismiss. The Court does not strike these grounds for violation of its order of April 2, 1971; rather it denies them on their merits. Although the individual plaintiffs have not demonstrated their right to go forward with this cause, by virtue of the appearance of the City of Coral Gables in the Amended Complaint as a plaintiff, the Court finds that there is standing in the City to sue and that it has the right to seek review of the administrative action of this defendant and that neither the United States of America nor the government's contractor, Maston G. O'Neal, Jr., need be joined as parties defendant. Therefore, the Court must reach the merits.

Plaintiffs allege that the defendant (hereafter to refer to both the Administrator or the General Services Administration) has violated the procedures established by the statutes and regulations governing his behavior by disposing of government property without first giving the City the opportunity to request it for its uses. Defendant answers by alleging that pursuant to Title 40 U.S. C.A. Section 601 et seq. he is authorized to use "excess property" as a medium of exchange in the performance of his responsibility to acquire land for use as sites, or additions to sites, for public buildings authorized to be constructed.

The contract between the defendant and his contractor purports to be a contract of exchange; i. e., an exchange of the Biltmore properties for certain sites in other states for which the defendant has a requirement. The sole issue before the Court is whether the defendant has violated the statutes and regulations which control his actions in dealing with public property under his control.

The Court assumes without deciding that the Public Buildings Act of 1959, being a more specific and definitive Act of Congress, when read in conjunction with the Public Buildings Act of 1949, the Federal Property Act of 1949, and their respective legislative histories, au-

thorizes the defendant, or his sub-agencies, to utilize excess property as a medium of exchange in acquiring sites which are within his authority to acquire. Although neither the Acts themselves nor their respective legislative histories demonstrate with clarity the true intent of Congress, it is clear that the overriding concern of Congress is for the achievement of the most economical system for acquiring, managing and disposing of federal property. It is less clear, but still apparent, that Congress intended to grant to the defendant as broad authority as needed to achieve this end. Therefore, under proper circumstances, it appears that the defendant could "dispose" of federal property by use of an exchange contract without invoking the disposal procedures established by his own regulations. 41 C.F.R. 101–47. Again the Court reiterates that it is not deciding this point.

A reading of the contract of exchange (Exhibit 39, Stipulation of Facts, filed June 2, 1971) reveals that it is not the type of exchange contract contemplated by the Public Buildings Act of 1959. The contract specifically states that the Biltmore properties have been placed in the charge of the defendant for disposal and later refers to the Federal Property Act of 1949 as one of the authorizing pieces of legislation. This is totally inconsistent with the theory of the case the defendant now urges upon the Court.

The contract does not provide for an exchange of the Biltmore properties for properties owned by the contractor. There is no affirmative or positive duty on the part of the contractor either to obtain title to, or convey title to the defendant of, any property whatsoever. In fact the contemplation of the contract is that the defendant will perform all of the negotiations leading to the acquisition of the proposed sites and the contractor appears only in the capacity of either supplying the funds to consummate the purchase or condemnation or to reimburse the United States Treasury for funds expended by the defendant in purchasing the property. In all events, at the conclusion of the eighteen (18) month life of the contract of exchange, the contractor is obligated to pay to the defendant the sum of two million five hundred ninety thousand two hundred fifty dollars ($2,590,250.00) less any cash payments made to, or the value of any property conveyed to, the defendant.

The coincidence of the lack of duty on behalf of the contractor and the requirement to pay a sum certain in all events compels the Court to the conclusion that the subject contract is not and was not intended to be a contract of exchange. *See generally*, 30 Am.Jur.2d Exchange of Property §§ 1, 3 (1967); 13 Fla.Jur. Exchange of Property §§ 2, 3 (1957); Edwards v. Baldwin Piano Co., 79 Fla. 143, 83 So. 915 (1920). The Biltmore properties provided the defendant with a ready source of funds. Under normal circumstances the defendant could not acquire any properties without a prior Congressional authorization and appropriation. Therefore this type of contract of exchange could not be utilized to avoid control by Congress. Exhibits 36 and 38 to the June 2, 1971 Stipulation of Facts belie this principle in the case sub judice. The Griffin, Georgia proposed site had an estimated cost of $237,500 when it was listed as a desirable site for acquisition under the contract of exchange which was more expensive than the appropriated funds for that site. The comment of the Regional Administrator was that utilization of exchange procedures would "preclude possible revision of the Prospectus and additional funding." Exhibit 36. Indeed the U.S. Treasury would be spared the discharge of monies but expenditures would be made without Congressional approval.

Exhibit 38 reveals that there was a desire on behalf of legal counsel to amend the contract "to include that Mr. O'Neal would satisfy any deficiency judgments for tracts acquired through condemnation, that Mr. O'Neal accept contracts with owners which would obligate the Government in excess of available funds or for projects where no appropriated funds have been authorized * * *"

These clauses do appear in the final contract thus allowing the defendant to acquire not only sites which are more expensive than the approved plan permits but sites for which no approval at all has been given by Congress. This again involves expenditures without prior Congressional approval.

The Court is reinforced in its view by item 36 of the June 2, 1971 Stipulation of Facts. Pursuant to this contract of exchange the defendant has, by direct purchase, acquired three parcels of land in Griffin, Georgia, having a combined value of $140,000 utilizing funds furnished by the contractor. Although no subterfuge is apparent from this fact it does demonstrate that the defendant does not expect the contractor to take the initiative in acquiring properties for which the Biltmore properties can be exchanged.

Once having decided that the defendant has gone beyond his authority by acting inconsistently with the controlling statutes and regulations, the Court need not and should not go further and declare the precise rights that the City has vis-a-vis the defendant and the Biltmore properties. There is no suggestion that the defendant will now fail to comply with his own procedures and the Court is not and cannot be informed as to the desires and rights of other persons not before the Court; namely, the state and county authorities which have certain priorities under the regulations. When and if there exists an actual, viable controversy between the City and the defendant concerning the Biltmore properties the City may present it to the Court through a new complaint. Jurisdiction of the case sub judice is based solely upon the propriety of the contract of exchange between the defendant and his contractor, the Court will not go further than that. It is therefore,

Ordered and adjudged as follows:

(1) that defendant's Motion for Summary Judgment be and the same is hereby denied; and

(2) that plaintiff City's Motion for Summary Judgment be and the same is hereby granted to the extent discussed above; and

(3) that plaintiff City shall, within five days of the date hereof, submit to the Court with copies to all counsel for the defendants a form of judgment consistent with the findings of fact and conclusions of law as stated above.

### FINAL JUDGMENT

This cause having come on for hearing on Motions for Summary Judgment of Plaintiffs and Defendant based on a Stipulation of Facts executed by all the parties to this cause and the Court having received memoranda of law of all parties, having heard oral argument, having determined that no material issue of fact exists for determination at trial and having in its Memorandum Opinion in this cause set forth the Court's findings of fact and conclusions of law and determined that the Motion for Summary Judgment of Plaintiff The City of Coral Gables should be granted, Defendant's Motion for Summary Judgment should be denied, and judgment should be entered herein in favor of Plaintiff The City of Coral Gables, it is hereby

ordered, adjudged and decreed that

1. Defendant as Administrator of General Services acting for the General Services Administration had no statutory authority under Section 202 of the Federal Property and Administrative Services Act of 1949 (40 U.S.C. § 483) or the Public Buildings Act of 1959 (40 U.S.C. § 601, et seq.) to enter into the agreement dated July 7, 1970 which is attached to the Amended Complaint in this cause as Exhibit 1 ("the Agreement").

2. The Agreement having been entered into by Defendant as Administrator of General Services acting for the General Services Administration without statutory authority, the Agreement is null and void.

3. Defendant as Administrator of General Services acting for the General Services Administration in hereafter en-

tering into any agreement to dispose of the properties which are the subject of the Agreement is directed to comply with the provisions of the Federal Property and Administrative Services Act of 1949 and afford Plaintiff The City of Coral Gables its full statutory rights to acquire such property.

4. The Court retains jurisdiction of this matter to grant any additional relief that may be required to implement this final judgment.

### CORRECTED FINAL JUDGMENT

This cause having come on for hearing on Motions for Summary Judgment of Plaintiffs and Defendant based on a Stipulation of Facts executed by all the parties to this cause and the Court having received memoranda of law of all parties, having heard oral argument, having determined that no material issue of fact exists for determination at trial and having in its Memorandum Opinion in this cause set forth the Court's findings of fact and conclusion of law and determined that the Motion for Summary Judgment of Plaintiff The City of Coral Gables should be granted, Defendant's Motion for Summary Judgment should be denied, and the judgment should be entered herein in favor of Plaintiff The City of Coral Gables, it is hereby

Ordered, adjudged and decreed that:

1. Defendant as Administrator of General Services acting for the General Services Administration had no statutory authority to enter into the agreement dated July 7, 1970 which is attached to the Amended Complaint in this cause as Exhibit 1 ("the Agreement").

2. The Agreement is null and void as a contract of sale rather than exchange, and as such is not within the statutory authority of the defendant.

3. Defendant as Administrator of General Services acting for the General Services Administration in hereafter entering into any agreement to dispose of the properties which are the subject of the Agreement is directed to comply with the provisions of the Federal Property and Administrative Services Act of 1949 and afford Plaintiff The City of Coral Gables its full statutory rights to acquire such property.

4. The Court retains jurisdiction of this matter to grant any additional relief that may be required to implement this final judgment.