PER CURIAM.
This is an action for specific performance of a contract between appellant, Mas-ton G. O’Neal, Jr., and the United States of America for conveyance of what is commonly referred to as the old Biltmore Hotel property in Coral Gables.
The complaint was filed against the ap-pellee, City of Coral Gables, which filed an alternative motion to dismiss or for summary judgment. Following a hearing thereon, the trial court entered a final judgment in favor of the city. This appeal ensued.
The court found as fact that the contract which appellant previously had entered into with the federal government by and through the U. S. Administrator of General Service was declared a nullity by the United States District Court for the Southern District of Florida. See, Hall v. Kunzig, 331 F.Supp. 1163 (S.D.Fla.1971).
In that case, the court held that the Administrator had acted outside his authority in entering into the contract with O’Neal without first affording to the City of Coral Gables its full statutory rights under federal law to acquire the Biltmore property.
The trial judge further found that the U. S. Government in accordance with the U. S. District Court’s judgment deeded the Biltmore property to the city. The two deeds by which the federal government conveyed the property to the city contained therein specific restrictions upon the utilization and alienation of the property in accordance with federal statutory authority. The deeds recited that the property could be used only “for public historic preservation, park or recreational purposes” and prohibited transfer by the city to private parties.
As conclusions of law, the trial court determined (1) that the issues raised by appellant’s complaint were previously adjudicated in the federal court, and appellant therefore was estopped to proceed further, and that as a matter of comity, the proceeding should be dismissed; (2) the United States government and the Administrator of the General Services Administration are indispensable parties; and (3) the complaint fails to state a cause of action *104 on which relief can be granted and is without equity.
We have considered all points raised by the briefs in light of the record on appeal as well as arguments of counsel, and have concluded that no reversible error has been demonstrated.
In our view, appellant’s remedy, if any, would lie in an action against the United States for any alleged breach of contract. See, 28 U.S.C.A. § 1491. The city was deeded the Biltmore property after the federal District Court declared appellant’s contract null and void. Therefore, we do not think appellant has a cause of action against the city for specific performance, since the city cannot be said to have taken the property with notice of any valid contract of sale between the appellant and the federal government.
We note that the same deeds which appellant contends afford him a right to specific performance against the city contain restrictions on the transfer of the property to private persons such as the appellant.
Therefore, for the reasons stated, the judgment appealed is affirmed.
Affirmed.